07-5629-ag
Roman v. Mukasey

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2008

(Argued: October 3, 2008          Decided: January 21, 2009)

Docket No. 07-5629-ag

- - - - - - - - - - - - - - - - - - - -x

EDDY JOHNNY ROMAN,

          Petitioner,

          -v.-                                        07-5629-ag

MICHAEL B. MUKASEY, Attorney General
of the United States,

          Respondent.

- - - - - - - - - - - - - - - - - - - -x

     Before:          JACOBS, Chief Judge, MINER and SOTOMAYOR,
                      Circuit Judges.

     Petitioner Eddy Johnny Roman seeks review of a November 21, 2007 order of the Board of Immigration Appeals affirming the May 17, 2006 decision of Immigration Judge Jeffrey S. Chase finding Roman inadmissible and ordering him removed to the Dominican Republic.  Roman argues, principally, that the Immigration Judge erred in relying on Roman's admissions (through his lawyer) as evidence of a prior conviction establishing his removability.  The petition is denied.

ALAN MICHAEL STRAUSS (Stanley H. Wallenstein, on the brief), New York, New York, for Petitioner.

GREGORY M. KELCH, Attorney, U.S. Department of Justice (Gregory G. Katsas, Acting Assistant Attorney General; James E. Grimes, Senior Litigation Counsel, on the brief), Washington, DC, for Respondent.

PER CURIAM:

Petitioner Eddy Johnny Roman, a native and citizen of the Dominican Republic and a lawful permanent resident of the United States, seeks review of a November 21, 2007 order of the Board of Immigration Appeals ("BIA") affirming the May 17, 2006 decision of Immigration Judge ("IJ") Jeffrey S. Chase finding Roman inadmissible and ordering him removed to the Dominican Republic. In re Eddy Johnny Roman, No. A 40 520 891 (B.I.A. November 21, 2007), aff'g No. A 40 520 891 (Immig. Ct. N.Y. City May 17, 2006). Roman argues that the IJ was prohibited, as a matter of law, from relying entirely on admissions made by Roman (through his lawyer) to establish his removability based on a prior conviction. We conclude that this argument has no merit. Accordingly, the petition is denied.

**I**

On or about January 10, 2004, Roman arrived at John F. Kennedy Airport in New York City and applied for admission as a returning lawful permanent resident.  The Department of Homeland Security ("DHS") denied Roman admission.  On June 5, 2004, DHS served Roman with a Notice to Appear ("NTA") stating that he was inadmissible as an "arriving alien" because he had been convicted of the crime of attempted criminal sale of a controlled substance in the third degree in violation of Section 110/220.39 of the New York State Penal Law.  DHS charged Roman with removability under INA § 212(a)(2)(A)(i)(II), which states that "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a violation of . . . any law or regulation of a State . . . relating to a controlled substance" shall be inadmissible and ineligible for entry into the United States.[1]  8 U.S.C. § 1182(a)(2)(A)(i)(II).

Roman first appeared before an IJ on March 30, 2005. At that hearing, Roman's attorney stated that "we admit

---

[1] In the case of an alien not admitted to the United States, the alien is "removable" if he or she is inadmissible under 8 U.S.C. § 1182.  See 8 U.S.C. § 1229a(e)(2)(A).

allegations one through three, and the basis for charge of removal." At Roman's next appearance, on July 27, 2005, his attorney requested and was granted a six-month continuance to afford time to pursue a state court order vacating Roman's conviction.

When Roman next appeared before the IJ on January 25, 2006, he explained that the motion to vacate his state conviction was still pending. The IJ granted a continuance for Roman to research whether a ground for cancellation of removal existed.

At Roman's fourth (and final) appearance, on May 17, 2006, Roman's counsel explained that she had researched Roman's attempted criminal sale conviction and concluded that it was an aggravated felony rendering Roman ineligible for relief from removal. The IJ addressed Roman directly and explained that he was entering an order of removal based on Roman's prior conviction, but that Roman could seek to reopen the deportation proceeding if the conviction was subsequently vacated. Roman acknowledged the IJ's statement without objection.

**II**

When, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Shu Wen Sun v. BIA, 510 F.3d 377, 379 (2d Cir. 2007). We review underlying questions of law and the application of law to fact de novo. See Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir. 2008).

Because Roman has been convicted of a controlled-substance offense, we lack jurisdiction to review his petition, except to the extent he presents constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 151 (2d Cir. 2006). Roman raises one legal question: was the IJ prohibited from relying on Roman's own admissions (through his attorney) as the sole evidence establishing removability based on a prior conviction?

The actions of the IJ were explicitly authorized by 8 C.F.R. § 1240.10(c), which provides (in relevant part):

> The immigration judge [presiding over a removal proceeding] shall require the respondent to plead to the notice to appear by stating whether he or she admits or denies the factual allegations and his or her removability under the charges contained therein. If the respondent admits the factual allegations and admits his or her removability under the charges and the immigration judge is satisfied that no issues of law or fact remain, the immigration judge may determine that removability as charged has been established by the admissions of the respondent.

8 C.F.R. § 1240.10(c). Roman does not argue that issues of fact or law remained that should have prevented the IJ from ruling.

Roman argues that aliens and their attorneys are often confused about prior convictions and that the government should be required in all cases to submit evidence proving a conviction. But Roman does not allege that the admissions were inaccurate or that the lawyer representing him before the IJ was ineffective. We decline Roman's invitation to hold that an alien's admissions cannot constitute clear and convincing evidence of removability in a case in which removability is premised on a prior conviction. See Singh v. U.S. Dep't of Homeland Sec., 526 F.3d 72, 78 (2d Cir. 2008) ("Because of [the petitioner's] status as a permanent

6

resident, the government bears the burden of proof, which it could only meet by adducing clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true." (quotation marks and citations omitted)); see also Barragan-Lopez v. Mukasey, 508 F.3d 899, 905 (9th Cir. 2007) ("Barragan-Lopez's own admissions constitute clear, convincing, and unequivocal evidence, and therefore we conclude that the government met its evidentiary burden of demonstrating removability.").

The NTA prepared by DHS identified the date and nature of Roman's state convictions, as well as the statutory basis for his removal. There is no legal or constitutional error in the IJ and BIA's determination that Roman's admission of removability--which explicitly admitted the allegations in the NTA "and the basis for the charge of removal"--satisfied the government's evidentiary burden. "[W]hen an admission is made as a tactical decision by an attorney in a deportation proceeding, the admission is binding on his alien client and may be relied upon as evidence of deportability." Matter of Velasquez, 19 I. & N. Dec. 377, 382 (B.I.A. 1986); cf. Ali v. Reno, 22 F.3d 442, 446 (2d Cir. 1994) (alien bound by counsel's admission that a timely answer had not been filed).

For the foregoing reasons, the petition is denied.

7