**MEI LAN CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.[1]**

**No. 08–1959–ag.**

United States Court of Appeals, Second Circuit.

June 29, 2009.

Waisim M. Cheung, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and REENA RAGGI and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Mei Lan Chen, a native and citizen of the People's Republic of China, seeks review of a March 25, 2008 order of the BIA, affirming the March 14, 2006 decision of Immigration Judge ("IJ") Robert D. Weisel, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Lan Chen,* No. A95 709 756 (B.I.A. Mar. 25, 2008), *aff'g* No. A95 709 756 (Immig. Ct. N.Y. City Mar. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Roman v. Muka-*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

*sey*, 553 F.3d 184, 186 (2d Cir.2009). "We review the agency's factual findings under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

Substantial evidence supports the agency's adverse credibility determination. In her asylum application and during her testimony, Chen claimed that she suffered a forced abortion; however, during cross-examination, Chen admitted that she told the immigration officer during her airport interview that the police wanted to arrest her in China because she sold Falun Gong books and practiced Falun Gong.[2] We have held that in certain circumstances "a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007) (finding that "even ancillary evidence sometimes supports" the application of maxim *falsus in uno, falsus in omnibus* ). The agency's conclusion that Chen's false testimony before the immigration officer during her airport interview rendered her not credible was a proper application of this doctrine, especially where her statements were central to her claim of persecution. *See id.*; *see also Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396, 397 n. 6, 399 n. 8 (2d Cir. 2005). Though Chen argues that she provided a reasonable explanation for the discrepancy—that her smuggler told her to lie—a reasonable factfinder would not be "compelled" to accept that explanation. 8 U.S.C. § 1252(b)(4)(B); *see Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Additionally, Chen asserts that the BIA erred in failing to consider her argument that there were translation errors during her asylum hearing and that those errors violated her due process rights. However, the BIA specifically considered Chen's argument and properly rejected it. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 68 (2d Cir.2002).

In sum, the agency's adverse credibility determination was supported by substantial evidence. *See Roman*, 553 F.3d at 186. Thus, the agency's denial of Chen's application for asylum was proper. *See* 8 C.F.R. § 208.13(b). Moreover, because Chen bases her claims for withholding of removal and CAT relief on the same factual predicate as her asylum claim, and the IJ found that her claim lacked credibility, those claims necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.

---

2. Chen's argument that the agency erred in relying on the airport interview because the record of the interview was not admitted into evidence is unavailing because the agency properly relied on Chen's admission and not on the record itself.

