[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12581
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2010
JOHN LEY
CLERK

Agency No. A035-999-595

YUDY AMPARO GONZALEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 17, 2010)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Yudy Amparo Gonzalez ("Gonzalez"), a national of Colombia, seeks review of the order of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") finding her removable as charged under § 237(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(ii). Gonzalez also seeks review of the IJ's and the BIA's decisions denying her request for a waiver of inadmissibility under INA § 212(h)(1)(B), 8 U.S.C. § 1182(h)(1)(B).[1]

I.

At the time the government sought to remove Gonzalez in 2006 pursuant to § 237(a)(2)(A)(ii) of the INA, Gonzalez had been lawfully residing in the United States since she had been admitted to the country as a legal permanent resident at the age of seven in 1975. Section 237(a)(2)(A)(ii) provides that any alien who has been admitted to the United States and who is any time thereafter convicted of two crimes of moral turpitude is deportable. The government sought Gonzalez's removal alleging that she had been convicted of retail or petty theft on five prior occasions and of grand theft in the third degree on one other occasion. At her

---

[1] Section 212(h) of the INA provides that the Attorney General may, in his discretion, waive the inadmissibility of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien.

second immigration court hearing before the IJ, the following exchange took place between the IJ and Gonzalez's attorney regarding the government's charging document:

> Judge: First of all, let's look at the factual allegations. The factual allegations are admitted without respect to whether or not they're convictions for immigration purposes.
>
> Gonzalez: The factual allegations are admitted, yes.
>
> Judge: Okay. So all of the factual allegations are admitted.
>
> Gonzalez: That's correct, Your Honor.
>
> Judge: Okay. So all of them are admitted and then, how about the charge is that 237(a)(2)(A)(ii) that she's been convicted of two crimes involving moral turpitude not arising out of (indiscernible) do you admit that charge?
>
> Gonzalez: Yes, Your Honor.
>
> Judge: Okay. So that charge is sustained then too.

Thereafter, the IJ found Gonzalez removable as charged and proceeded with Gonzalez's applications for relief from removal, which the IJ subsequently denied. Gonzalez appealed the IJ's removability determination to the BIA asserting that her convictions for retail or petty theft are not convictions for immigration purposes and thus cannot sustain a charge of removability under § 237(a)(2)(A)(ii). The BIA concluded that Gonzalez was precluded from contesting the IJ's removability determination on the basis of her convictions because Gonzalez, through her attorney, admitted all of the factual allegations and conceded the charge of removability at her immigration court hearing.

3

Upon review of the record, we agree with the BIA that Gonzalez conceded that she was removable as charged under § 237(a)(2)(A)(ii) of the INA. The BIA has held that "absent egregious circumstances, a distinct and formal admission made . . . during . . . a proceeding by an attorney, acting in [her] professional capacity, binds [her] client as a judicial admission." Matter of Velasquez, 19 I. & N. Dec. 377, 382 (BIA 1986). Further, when an admission is made in a deportation proceeding, the admission is binding on the alien and can be used as evidence of deportability. Id. The Second Circuit has also upheld an IJ's removability determination based on the concessions of a petitioner. See Roman v. Mukasey, 553 F.3d 184, 187 (2d Cir. 2009) (holding that the "IJ and BIA's determination that [petitioner's] admission of removability—which explicitly admitted the allegations in the NTA 'and the basis for the charge of removal'—satisfied the government's evidentiary burden"); see also 8 C.F.R. § 1240.10 ("If the respondent admits the factual allegations and admits his or her removability under the charges and the immigration judge is satisfied that no issues of law or fact remain, the immigration judge may determine that removability as charged has been established by the admissions of the respondent.").

Gonzalez raises no arguments in her petition before this court that her admissions were inaccurate, her attorney was ineffective, or that there are any circumstances which should preclude her from being bound by her admissions.

Instead she raises various arguments as to why the state court convictions that formed the factual basis for the government's removal charge should not be considered convictions for immigration purposes. These arguments, however, should have been made in the first instance to the IJ to contest the government's charge of removability. Gonzalez, however, conceded her removability and thus cannot now challenge the underlying basis for that charge. Accordingly, we deny her petition on her claim that she is not removable as charged under § 237(a)(2)(A)(ii).

## II.

Gonzalez also argues that the IJ and the BIA erred in denying her request for a waiver of inadmissibility under INA § 212(h)(1)(B); 8 U.S.C. § 1182(h)(1)(B).[2] Gonzalez acknowledges that the grant of a § 212(h) waiver is a discretionary decision that we are without jurisdiction to review. See 8 U.S.C. § 1252(a)(2)(B) (providing that there is no judicial review of "any judgment regarding the granting of relief under [8 U.S.C. § 1182(h)] . . ." or any other decision of the Attorney

---

[2] After Gonzalez conceded her removability, she applied for relief from removal pursuant to the Cuban Adjustment Act seeking an adjustment of her status to that of a legal permanent resident based on her marriage to a Cuban national. In order to qualify for adjustment of status she had to demonstrate that she was admissible to the United States. See generally 8 U.S.C. § 1182. Due to her prior convictions for two or more crimes of moral turpitude, she was inadmissible and would not be eligible to adjust her status unless she qualified for a waiver of her inadmissibility pursuant to § 212(h).

5

General that is specified to be a discretionary decision); see also Camacho-Salinas, v. U.S. Att'y Gen., 460 F.3d 1343, 1346-47 (11th Cir. 2006).

Gonzalez, however, argues that the IJ and the BIA violated her constitutional rights to due process in denying her request for a § 212(h) waiver by considering evidence of two prior convictions that were not included in the government's original document charging her with removability. While appellate courts have jurisdiction to review constitutional claims or questions of law, see 8 U.S.C. § 1252(a)(2)(D), we do not gain jurisdiction over a discretionary decision simply because an alleged error has been framed as a constitutional due process violation. Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 (11th Cir. 2007). Whether the government submitted evidence in opposition to her application for a waiver that it did not include in its prior documentation charging her with removability does not raise a due process concern. Here, Gonzalez is simply challenging the IJ's and BIA's discretionary determinations, claiming that they improperly considered the evidence that had been submitted either in support or in opposition to her application for a waiver of inadmissibility. Accordingly, as to this claim, her petition is dismissed.

**PETITION DENIED, in part, and DISMISSED, in part.**