09-5328-ag
*Salazar v. Holder*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of November, two thousand ten.

PRESENT:    ROGER J. MINER,
            CHESTER J. STRAUB,
            DEBRA ANN LIVINGSTON,
                                *Circuit Judges*.

ISRAEL SALAZAR-MENJIVAR,
            *Petitioner*,

-v.-                                            No. 09-5328-ag

BOARD OF IMMIGRATION APPEALS, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, U.S. DEPARTMENT OF JUSTICE, ERIC H. HOLDER JR., United States Attorney General, BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT, as successor to the Immigration and Naturalization Service, DEPARTMENT OF HOMELAND SECURITY, JANET NAPOLITANO,
            *Respondents*.

                        ROBERT E. SLATUS, Paskoff & Tambler, LLP, New York, NY
                        (Adam Paskoff, *on the brief*), *for Petitioner*.

                        ANDREW BRINKMAN, Office of Immigration Litigation, United
                        States Department of Justice, Washington, D.C. (Tony West,
                        Assistant Attorney General, Carl H. McIntyre, Assistant Director, and
                        Francis W. Fraser, Senior Litigation Counsel, *on the brief*), *for
                        Respondents*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Israel Salazar-Menjivar ("Salazar-Menjivar") petitions this Court for review of a November 30, 2009, decision of the Board of Immigration Appeals ("BIA"), dismissing his appeal from the decision of an Immigration Judge ("IJ") that found him removable under 8 U.S.C. § 1182(a)(6)(A)(i). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Petitioner contends both that the reliance by the IJ on his previous attorney's concession to the government's factual allegations and to removability was improper and that alleged constitutional violations should lead to the exclusion of evidence gathered from his arrest and detention at any subsequent removal proceeding. Because we hold that Petitioner has not established that the IJ erred in not allowing him to withdraw his concession to removability and because that concession alone sufficiently supported the determination that he was removable, we deny his petition for review of the BIA's decision on this basis, and we need not consider Petitioner's Fourth Amendment claim.

On a petition for review of a decision of the BIA, we "review[] the agency's factual findings under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary,'" *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)), although "we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed." *id.* "We review *de novo* constitutional challenges and questions of law." *Guo Qi Wang v. Holder*, 583 F.3d 86, 90 (2d Cir. 2009).

While the government in this case argues that Salazar failed in his appeal to the BIA to exhaust any challenge to the determination of the IJ that his removability was established solely by the concessions and admissions made by his original lawyer, it acknowledges that this Court has held that a claim is properly exhausted under 8 U.S.C. § 1252(d)(1), even if not raised in the appeals brief to the BIA, if the BIA addresses it *sua sponte*, as it has here. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296-97 (2d Cir. 2006) (per curiam); *accord Bah v. Mukasey*, 529 F.3d 99, 111 n.16 (2d Cir. 2008). Petitioner argues that the IJ erred in relying on the previous attorney's concession because, even with the admission of removability, "issues of law or fact remain," such that removal is inappropriate under 8 C.F.R. § 1240.10(c) ("If the respondent admits the factual allegations and admits his or her removability under the charges and the immigration judge is satisfied that no issues of law or fact remain, the immigration judge may determine that removability as charged has been established by the admissions of the respondent."). He further argues that the IJ erred by refusing to allow him to withdraw his concession at an early stage in the removal proceedings, when the request was "made in the interest of justice where the appellant has a good faith and non-frivolous belief that his Constitutional rights have been violated . . . and he wishes to address the same without any harm to the position of the Government." Petitioner's Br. at 16.

This Court, reviewing a BIA decision finding a permanent resident removable on the basis of an admission of a prior conviction and of removability, has held that "[w]hen an admission is made as a tactical decision by an attorney in a deportation proceeding, the admission is binding on his alien client and may be relied upon as evidence of deportability." *Roman v. Mukasey*, 553 F.3d 184, 187 (2d Cir. 2009). In *Hoodho v. Holder*, 558 F.3d 184 (2d Cir. 2009), we noted that the applicable regulations permit an IJ to accept a concession of removability as long as the judge "'is

satisfied that no issues of fact or law remain.'" *Id.* at 190 (quoting 8 C.F.R. § 1240.10(c)). We determined that "[w]hen the parties do not contest removability and the record evidence does not contradict that concession, we see no reason why an IJ cannot be 'satisfied' that no legal or factual issues bar the acceptance of that concession." *Id.* at 191-92. Accordingly, we held that "an IJ does not err by accepting an alien's concession of removability when that concession is not plainly contradicted by record evidence." *Id.* at 192.

Petitioner in this case claims that "issues of law or fact remain" as to his removability. However, the only issues to which he points concern the legality of his arrest, not his ultimate removability. In *Hoodho*, the Second Circuit assumed *arguendo* that, following a 1986 BIA decision, *Matter of Velasquez*, 19 I. & N. Dec. 377 (B.I.A. 1986), "'egregious circumstances' can free an alien from his attorney's admissions." *Id.* at 192. However, this Court found that "[w]here, as here, an IJ accepts a concession of removability from retained counsel and that concession is not contradicted by the record evidence, the circumstances are not 'egregious' in any respect. To the contrary, the acceptance by an IJ of a plausible concession of removability is an unremarkable feature of removal proceedings." *Id.* Petitioner contends that "egregious circumstances" existed in this case based on the allegedly unconstitutional nature of his arrest. However, essentially the same situation existed in *Velasquez*, and it was not considered by the BIA to constitute "egregious circumstances." *See Velasquez*, 19 I. & N. Dec. at 379, 382-83. Moreover, Petitioner's claim that his concession of removability "flow[ed] as a direct result of [his allegedly] improper arrest . . . and his interrogation thereafter," Petitioner's Br. at 16, is belied by the fact that this counseled concession came almost a month after the arrest, and no evidence of that arrest or any subsequent statements made by Salazar-Menjivar were introduced at the proceeding before the IJ.

Further, as the government notes, Petitioner does not challenge the BIA's findings that his lawyer in the original proceeding was authorized to represent him, that he has not claimed ineffective assistance of counsel with respect to the initial hearing, and that the plea as to removability was unconnected with the counsels' agreement setting bond. Under *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998), any claim that "egregious circumstances" could be established based on any of these three arguments is waived. Moreover, while Salazar-Menjivar argues that an alien should be permitted to withdraw a concession made an early stage in removal proceedings "in the interests of justice," he cites no authority for the proposition that an IJ errs by declining to do so, nor does he allege facts suggesting that this standard is met in this case.

As a result, we hold that the BIA correctly concluded that the IJ did not err in refusing to allow Salazar-Menjivar to withdraw the admission of the government's factual allegations and the concession to removability made by his original lawyer. Given that the admissions and concession alone were sufficient to support the IJ's determination that removability was established and because "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred," *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984), we have no occasion in this case to inquire further into the determination that Petitioner's motion to suppress was insufficiently specific, detailed or justified or whether Petitioner's allegations of Fourth Amendment violations in his arrest and detention justify the exclusion of evidence collected pursuant to that arrest in his civil removal proceedings.

We have considered all of Petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is hereby **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5