Bian v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand thirteen.

PRESENT: GERARD E. LYNCH,
DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

JIN HUA BIAN,

                *Petitioner*,

      v.                          No. 12-850

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

                *Respondent.*

_____

APPEARING FOR PETITIONER:     OLEH R. TUSTANIWSKY, ESQ., Brooklyn, New York.

APPEARING FOR RESPONDENT:     BROOKE M. MAURER (Stuart F. Delery, Acting Assistant Attorney General, and Richard M. Evans, Assistant Director, *on the brief*), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the matter is REMANDED for further consideration.

Petitioner Jin Hua Bian, a native and citizen of the People's Republic of China, seeks review of a February 7, 2012 order of the BIA affirming the March 17, 2010 decision of Immigration Judge ("IJ") Robert D. Weisel, which denied Bian's application for asylum, withholding of removal, and relief under the Convention Against Torture. In re Jin Hua Bian, No. A087 649 542 (B.I.A. Feb. 7, 2012) aff'g No. A087 649 542 (Immig. Ct. N.Y. City Mar. 17, 2010). We assume the parties' familiarity with the facts and procedural history in this case, to which we refer only as necessary to explain our decision.

"Where, as here, the BIA has adopted and supplemented the IJ's decision, we review the decision of the IJ as supplemented by the BIA." Rodas Castro v. Holder, 597 F.3d 93, 99 (2d Cir. 2010) (internal quotation marks omitted). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Shu Wen Sun v. BIA, 510 F.3d 377, 379 (2d Cir. 2007). We review questions of law and the application of law to fact de novo. Roman v. Mukasey, 553 F.3d 184, 186 (2d Cir. 2009).

2

Bian challenges the agency's determination that she lacked a well-founded fear of future persecution based on her opposition to state corruption. Because the agency has not questioned Bian's credibility, we take the facts asserted by her to be true. Mendez v. Holder, 566 F.3d 316, 318 (2d Cir. 2009). The record reflects that while purchasing foreign currency from a state-owned bank, Bian discovered that some of the notes were forgeries. Bian turned the counterfeit notes over to police, and several days later, police executed a search warrant at Bian's home, taking many of her business documents. Bian's husband then bribed a local police officer who told him that Bian had done "something very big" by reporting the forgeries, and that her life was in danger. After she went into hiding, police officer then gave Bian the name of a smuggler who helped her escape China. In January 2009, Bian arrived in the United States via the Texas border. On February 9, 2009, Bian received a letter from her husband stating that he had been called to the local police station and told that the police would release him if he remained quiet about the forgeries. In July 2009, Bian's husband called her and told her that the central Chinese government had investigated and mildly reprimanded bank staff regarding the sale of counterfeit money.

We conclude that the agency's determination that Bian has not established a well-founded fear of future persecution is not supported by substantial evidence. Police officials advised Bian that her life was in danger and that she should hide, and directed her to a smuggler to help her leave the country. A reasonable fact-finder could have concluded, as did the IJ, that such behavior represented the officers' good-faith attempt to

3

protect Bian and not a veiled threat. We cannot accept as reasonable, however, the BIA's conclusion that Bian does not have a reasonable basis to fear persecution if she returns to her home. Being advised by the police that one's life is in danger as a result of reporting an apparent crime committed by state actors, and that the only protection police can offer is assistance with leaving the country surreptitiously, would induce fear in any reasonable person. Further, we cannot agree with the BIA that the fact that "officials from the central Chinese government had investigated and mildly reprimanded local bank staff regarding the sale of counterfeit money," App'x 4, in any way dissipates that reasonable fear. We conclude that on the facts as found by the agency "any reasonable adjudicator would be compelled to conclude," 8 U.S.C. § 1252(b)(4)(B), that Bian has established an objectively reasonable fear of suffering harm if she returns home, Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir. 2004), and that the harm she had reason to fear – death – would constitute persecution, Beskovic v. Gonzales, 467 F.3d 223, 225 (2d Cir. 2006) (defining persecution as including "threats to life or freedom").

The BIA did not address "whether or not [Bian] has shown a nexus [between the retaliation she fears and] a protected ground," App'x 4 n.2, ruling only that she has failed to establish a well-founded fear of persecution. We have held that "opposition to government corruption may constitute a political opinion, and retaliation against someone for expressing that opinion may amount to political persecution." Rodas Castro, 597 F.3d at 100. See also Yueqing Zhang v. Gonzales, 426 F.3d 540, 547 (2d Cir. 2005) (holding that in certain contexts an "individual's attempt to oppose or alter a government's

4

economic practices [may] manifest[] a political opinion").  At the same time, however, we have recognized that

> [i]n considering whether opposition to corruption constitutes a political opinion, the important questions are whether the applicant's actions were directed toward a governing institution, or only against individuals whose corruption was aberrational, and whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to isolated, aberrational acts of greed or malfeasance. Answering these questions necessarily involves a complex and contextual factual inquiry into the nature of the asylum applicant's activities in relation to the political context in which the dispute took place.

Rodas Castro, 597 F.3d at 101 (internal quotation marks, citations, and alterations omitted).  Such an inquiry is appropriately left to the BIA – "or [to] the IJ, if that is the most appropriate decision-maker in the first instance," id. at 107, – and we express no view on the appropriate outcome.  We similarly express no view as to whether Bian "could avoid a future threat to . . . her life or freedom by relocating to another part of [China] and [] . . . [whether] it would be reasonable to expect [her] to do so."  8 C.F.R. § 1208.16(b)(1)(I)(B); see Steevenez v. Gonzales, 476 F.3d 114, 117 (2d Cir. 2007).

For the foregoing reasons, the petition for review is GRANTED, and the matter is remanded to the BIA for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5