[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15346
Non-Argument Calendar
_____

Agency No. A200-665-804

MOHAMMED IK MASALMEH,
a.k.a. Abdel Khalig Ibrahim,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 7, 2015)

Before WILSON, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Mohammed Ibrahim Khalid Masalmeh appeals from the denial of his motion to reconsider the dismissal of his appeal to the Board of Immigration Appeals (BIA).  He challenges the denial of his petition for withholding of removal under the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3) and seeks relief under the Convention Against Torture (CAT).  However, we conclude that the BIA did not abuse its discretion in denying Masalmeh's motion for reconsideration.  Accordingly, we deny Masalmeh's petition for review.

I.

"We review the BIA's denial of a motion to reconsider for abuse of discretion."  *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007) (internal quotation marks omitted).  In addressing motions for reconsideration, the BIA's discretion is "very broad."  *Scheerer v. U.S. Att'y Gen*., 513 F.3d 1244, 1253 (11th Cir. 2008) (internal quotation marks omitted).  "The BIA abuses its discretion when it misapplies the law in reaching its decision."  *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013).

A successful motion to reconsider must specify the errors of fact or law in the prior BIA decision and must be supported by pertinent authority.  8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1).  "[A] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."  *Calle*, 504 F.3d at 1329 (internal quotation

2

marks omitted). Accordingly, we have found that "merely reiterating arguments previously presented to the BIA does not constitute specifying errors of fact or law as required for a successful motion to reconsider." *Id.* (internal quotation marks omitted).

## II.

On appeal, Masalmeh argues that the BIA failed to sufficiently address several of his arguments on reconsideration. Specifically, he asserts that, in dismissing his appeal, the BIA: (1) erroneously deemed him a citizen of Israel based on his counsel's admission; (2) wrongly identified the primary country of removal as Israel and one of the alternate countries of removal as Jordan, despite him having no right to reside in either; (3) committed "legal and factual error" in failing to sufficiently consider a 1993 U.S. State Department report that he first presented on appeal to the BIA as evidence of his past persecution by the Israeli Defense Forces (IDF); and (4) failed to sufficiently address his claim that he would face persecution by Hamas and Fatah due to his political neutrality. We address each argument in turn.

First, although Masalmeh argues the BIA erred in relying on his counsel's admission that he is an Israeli citizen, he offers no legal support for this position. At a hearing before the Immigration Judge (IJ), Masalmeh's counsel stated, "We are going to admit allegations…1and 2 [in the Notice to Appear]." Later,

3

Maselmeh's counsel confirmed the admission that Masalmeh was a native and citizen of Israel and declined to designate a country of removal.

The BIA may deem an attorney's on-record statements valid judicial admissions. *See, e.g.*, *Rodriguez-Gonzalez v. Immigration and Naturalization Serv.*, 640 F.2d 1139, 1141 (9th Cir. 1981); *Gonzalez v. U.S. Att'y Gen.*, 368 F. App'x 963, 964 (11th Cir. 2010) (per curiam). Therefore, the BIA did not abuse its discretion here in deeming Maselmeh's attorney's on-record statements valid judicial admissions.

Second, even if the BIA identified the incorrect primary country of removal, that error would not affect its conclusion that Masalmeh failed to establish eligibility for withholding of removal. If Masalmeh wanted clarification on his primary country of removal, he could have filed a motion for clarification of the BIA's decision; however, at this stage, such a motion is unnecessary because, if Masalmeh is right, then he will be removed to the West Bank (as opposed to Jordan or Israel). Masalmeh concedes that he may travel through Israel and Jordan with his current travel documents.

Third, Masalmeh's argument that the BIA allegedly failed to consider the 1993 Report in determining whether he was persecuted and tortured by the IDF does not show an abuse of discretion. In his amended application for withholding of removal, Masalmeh stated that he had been harmed, and feared being harmed

4

again (including torture), by the Jordanian and the Israeli governments due to his status as an ethnic Palestinian, and by the Palestinian government due to his decision not to support Fatah or Hamas.  In support, Masalmeh attached the 1993 Report to his initial brief before the BIA, and the BIA addressed the 1993 Report in his initial appeal.  His argument on reconsideration was essentially a reiteration of arguments previously presented.  Therefore, as stated above, "a motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."  *Calle*, 504 F.3d at 1329 (internal quotation marks omitted).  Moreover, it is clear from the proceedings below that the BIA gave sufficient consideration to Masalmeh's argument.  *Cf. Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006) ("Where the IJ has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented." (internal quotation marks and alteration omitted)).   Even if Masalmeh is correct that the BIA could have taken administrative notice of the report and has taken such notice of reports in the past, the argument fails to show that the BIA's decision not to take such notice constituted an error of fact or law.  *See* 8 U.S.C. § 1229a(c)(6)(c); 8 C.F.R. § 1003.2(b)(1).

5

Finally, Masalmeh's argument concerning his political neutrality also fails to show an abuse of discretion because he raised an argument concerning his political neutrality in his appeal before the BIA. *See Calle*, 504 F.3d at 129. In his initial brief before the BIA, Masalmeh argued that IJ applied an incorrect legal standard in ruling on his political neutrality claim, but the BIA agreed with the IJ. Thus, the BIA considered, and rejected, this argument. *See id.* While the BIA did not discuss Masalmeh's specific argument concerning the legal standard in its dismissal of his appeal, it gave reasoned consideration to his political neutrality claim and found that the IJ had not erred. *Cf. Tan*, 446 F.3d at 1374.

## III.

In sum, Masalmeh has failed to show that the BIA abused its "very broad" discretion in denying his motion to reconsider because (1) Masalmeh could be bound by his counsel's admission that he was an Israeli citizen; (2) the BIA specified alternate countries of removal sufficient to facilitate relocation if Israel, the primary country of removal, does not permit him to stay; (3) the BIA sufficiently considered the 1993 report in Masalmeh's appeal to the BIA; and (4) Masalmeh had previously raised his argument concerning his political neutrality. *See Scheerer*, 513 F.3d at 1253; *Calle*, 504 F.3d at 1329. Therefore, upon review of the record and consideration of the parties' briefs, we deny Maselmeh's petition for review.

**PETITION DENIED.**