16-3747-ag
*Cerros-Ramon v. Sessions*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of April, two thousand eighteen.

PRESENT:   RICHARD C. WESLEY,
           DENNY CHIN,
                   *Circuit Judges*,
           DENISE COTE,
                   *Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARTIN CERROS-RAMON,
                   *Petitioner*,

                   v.                                    16-3747-ag

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,
                   *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:                   ANNE E. DOEBLER, Buffalo, New York.

---

\*       Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

FOR RESPONDENT:                          ROBERT M. STALZER, Trial Attorney (Chad
                                         A. Readler, Acting Assistant Attorney General,
                                         Kiley Kane, Senior Litigation Counsel, Annette
                                         M. Wietecha, Trial Attorney, *on the brief*), Office
                                         of Immigration Litigation, United States
                                         Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of

Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the petition for review is **DENIED**.

Petitioner Martin Cerros-Ramon, a native and citizen of Mexico, seeks

review of an October 17, 2016 decision of the BIA affirming a March 19, 2015 decision of

an Immigration Judge ("IJ") ordering Cerros-Ramon's removal and a February 24, 2015

IJ decision denying Cerros-Ramon's motion to suppress. *In re Martin Cerros-Ramon*, No.

A 200 562 553 (B.I.A. Oct. 17, 2016), *aff'g* No. A 200 562 553 (Immig. Ct. Buffalo Feb. 24

and Mar. 19, 2015). On appeal, Cerros-Ramon principally contends that the agency

erred by failing to require the government to rebut his *prima facie* case for suppressing

Form I-213. He argues that the contents of Form I-213, which the government relied on

to establish his removability, were derived from an illegal traffic stop. We assume the

parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"When the BIA does not expressly adopt the IJ's decision, but its brief

opinion closely tracks the IJ's reasoning, this Court may consider both the IJ's and the

BIA's opinions for the sake of completeness." *Maldonado v. Holder*, 763 F.3d 155, 158-59

(2d Cir. 2014) (citation omitted). We review factual findings for substantial evidence,

and questions of law and the application of law to fact *de novo*. *Roman v. Mukasey*, 553 F.3d 184, 186 (2d Cir. 2009) (per curiam).

In civil immigration proceedings, a Fourth Amendment violation alone does not justify suppression of evidence: Suppression is appropriate if, *inter alia*, record evidence establishes that "an egregious violation that was fundamentally unfair had occurred." *Almeida-Amaral v. Gonzales*, 461 F.3d 231, 235 (2d Cir. 2006) (interpreting *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050-51 (1984) (plurality opinion)). We posited two principles for determining whether a petitioner meets the standard for egregiousness, which is "stringent, entails a shock to the conscience, and is rarely satisfied." *Maldonado*, 763 F.3d at 159. First, "if an individual is subjected to a seizure for *no* reason at all, that by itself may constitute an egregious violation, but only if the seizure is sufficiently severe." *Almeida-Amaral*, 461 F.3d at 235 (emphasis in original). "Second, even where the seizure is not especially severe, it may nevertheless qualify as an egregious violation if the stop was based on race (or some other grossly improper consideration)." *Id.* Under the BIA's burden-shifting framework, the petitioner must put forth proof establishing a *prima facie* case for suppression before the government must assume the burden of justifying admission of the evidence. *See Cotzojay v. Holder*, 725 F.3d 172, 178 (2d Cir. 2013).

We agree with the agency that Cerros-Ramon did not establish a *prima facie* case for suppression. First, although he also argues that there was no reason at all

for the traffic stop, Cerros-Ramon has not alleged factors -- such as threats, coercion, unreasonable force, or a particularly lengthy detention -- suggesting that the stop itself was severe. *See Cotzojay*, 725 F.3d at 182, 183 n.12 (listing factors); *Almeida-Amaral*, 461 F.3d at 236. Second, although he asserts that the traffic stop was based on his ethnicity, neither his testimony nor his affidavit described any basis for this belief, nor did he even allege that he believed he was pulled over because of his race or ethnicity. *See Almeida-Amaral*, 461 F.3d at 237 (a petitioner who "offers nothing other than his own intuition to show that race played a part in the arresting agent's decision" does not establish a race-based violation). And as the BIA observed, Cerros-Ramon's testimony that the stop took place in the dark and he could not clearly see the Border Patrol vehicle makes it implausible that the Border Patrol officer could have identified his race or ethnicity.[1]

Cerros-Ramon's argument that traffic stops without reasonable suspicion "should be found inherently egregious," Pet'r's Br. 22, is foreclosed by *Lopez-Mendoza* and our subsequent cases. In *Almeida-Amaral*, we concluded that a "suspicionless stop" infringed the petitioner's Fourth Amendment rights but did not warrant suppression, because "while the lack of any valid basis whatsoever for a seizure sets the stage for

---

[1]     Even accepting *arguendo* Cerros-Ramon's argument that the agency improperly relied on the facts contained in the document sought to be suppressed in deciding the suppression motion -- in this case, Form I-213 -- Cerros-Ramon was still required to put forth evidence himself establishing a *prima facie* case for suppression. He failed to meet this burden.

egregiousness, more is needed," such as a showing that "the initial illegal stop is particularly lengthy, there is a show or use of force, etc." 461 F.3d at 236; *see also Maldonado*, 763 F.3d at 165 ("Something egregious is by nature extreme, rare, and obvious."); *Cotzojay*, 725 F.3d at 182 ("[I]f a Fourth Amendment violation is measured by what is reasonable, then an egregious violation must surely be something more than unreasonable.").

We have considered Cerros-Ramon's remaining arguments and find them to be without merit. Accordingly, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk